UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JAMES C. DEFRANCESCO,

                            Plaintiff,

               v.                                           1:06-CV-1070
                                                                        (FJS/DRH)

DEBRA J. GILHAM, personally and
in her capacity as an officer/employee
of the Albany County Sheriff's Department;
ERIN HUGHES, personally and in her
capacity as an officer/employee of the
Saratoga County Child Protective Services
Office of the Saratoga County Department of
Social Services; JAMES CAMPBELL, Albany
County Sheriff; and the COUNTY OF
SARATOGA, NEW YORK,

                            Defendants.
_____

**APPEARANCES**                                      **OF COUNSEL**

**OFFICE OF BRIAN E. DONAHUE**       **BRIAN E. DONAHUE, ESQ.**
68 Second Street
Troy, New York 12180
Attorneys for Plaintiff

**ROCHE, CORRIGAN, MCCOY & BUSH**     **ROBERT P. ROCHE, ESQ.**
36 South Pearl Street
Albany, New York 12207
Attorneys for Defendants Gilham and Campbell

**FITZGERALD MORRIS BAKER FIRTH P.C.**  **MARTIN A. COHEN, ESQ.**
One Broad Street Plaza
P.O. Box 2017
Glens Falls, New York 12801
Attorneys for Defendants Hughes and County
of Saratoga

**SCULLIN, Senior Judge**

**MEMORANDUM-DECISION AND ORDER**

**I. INTRODUCTION**

Plaintiff filed his complaint on September 6, 2006, asserting federal and state-law claims against Defendants for false arrest and malicious prosecution. Currently before the Court is Defendant Hughes' motion to dismiss the claims against her for lack of personal jurisdiction.[1] Specifically, Defendant Hughes contends that (1) Plaintiff never served her with process in this case; (2) Plaintiff's complaint is devoid of factual allegations sufficient to state a claim against her in her individual capacity; and, (3) since an action against her in her official capacity is functionally equivalent to an action against her municipal employer, the Court should also dismiss the claims against her in her official capacity. Plaintiff does not oppose this motion.

**II. DISCUSSION**

**A.   Standard of review on an unopposed motion**

Where a motion to dismiss is unopposed, a court need only determine whether the motion is "'facially meritorious.'" *Mosby v. Trabout*, 9:06-CV-1165, 2008 WL 623122, *12 (N.D.N.Y. Mar. 4, 2008) (footnote omitted); N.D.N.Y. L.R. 7.1(b)(3) ("Where a properly filed motion is unopposed and the Court determines that the moving party has met its burden to demonstrate entitlement to the relief requested therein, the non-moving party's failure to file . . . any papers . . . shall be deemed as consent to the granting or denial of the motion . . . ."). This inquiry "is a

---

[1] Although Defendant Hughes seeks dismissal for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, relief for failure to effect service is properly obtained through Rule 12(b)(5). *See Koulkina v. City of N.Y.*, No. 06 Civ. 11357, 2008 WL 463726, *6 n.9 (S.D.N.Y. Feb. 19, 2008) (citations omitted).

more limited endeavor than a review of a contested motion to dismiss." *Mosby*, 2008 WL 623122 at *12 (footnote omitted).

**B.     Sufficiency of Plaintiff's service on Defendant Hughes in her individual capacity**

Defendant Hughes contends that Plaintiff never served her with a summons or complaint. *See* Affidavit of Erin Hughes, sworn to March 14, 2007, at ¶ 2. To reinforce her argument, she correctly observes that Plaintiff never filed a proof of service with the Court. *See* Defendant Hughes' Memorandum of Law, dated March 26, 2007, at 2. It appears from the record that Plaintiff only served the Saratoga County Clerk with a summons and complaint. *See* Affidavit of Martin A. Cohen, sworn to March 26, 2007, at Exhibit "A."

Service on a defendant in her individual capacity can be accomplished by two methods under the Federal Rules of Civil Procedure. First, in New York, the state in which the Court is located, service can be completed by personal service, *see* N.Y. C.P.L.R. § 308(1), or "by delivering the summons . . . at the actual place of business, dwelling place or usual place of abode of the person to be served and by mailing the summons to the person to be served at his or her last known residence or . . . at his or her actual place of business." N.Y. C.P.L.R. § 308(2). Second, service can be completed "by . . . delivering a copy of the summons and of the complaint to the individual personally; . . . [by] leaving a copy of each at the individual's dwelling or usual place of abode . . . [or by] delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e). There is no question that, based on the uncontested facts currently before the Court, Plaintiff failed to satisfy these requirements. *Cf. Lange v. Town of Monroe*, 213 F. Supp. 2d 411, 421 (S.D.N.Y. 2002) (dismissing claims against

town official in his individual capacity because the plaintiff served the town clerk's office, not the individual defendant's residence or place of business). Therefore, with respect to Plaintiff's claims against Defendant Hughes in her individual capacity, the Court finds that Defendant Hughes' motion is "facially meritorious."

Rule 4(m) of the Federal Rules of Civil Procedure provides that, unless the plaintiff shows good cause, "[i]f a defendant is not served within 120 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time."[2] *See* Fed. R. Civ. P. 4(m). It has now been more than one year since January 4, 2007, the date on which Plaintiff should have served Defendants pursuant to Rule 4(m). Moreover, Plaintiff has not submitted a response to Defendant Hughes' motion and the Court cannot find any evidence that Plaintiff had good cause for his failure to effect service. Plaintiff's failure to cure his procedural error demonstrates disinterest in pursuing his claims against Defendant Hughes in her individual capacity. Granting Plaintiff an extension of time would, therefore, have little effect. Accordingly, the Court dismisses Plaintiff's claims against Defendant Hughes in her individual capacity without prejudice pursuant to Rule 12(b)(5).

**C.   Sufficiency of Plaintiff's service on Defendant Hughes in her official capacity**

The issue remains whether Plaintiff's service was sufficient with respect to his claims against Defendant Hughes in her capacity as a County of Saratoga employee. Rule 4(j)(2) of the Federal Rules of Civil Procedure allows a plaintiff to serve a municipality "by serving a copy of

---

[2] Local Rule 4.1(b) shortens this period to sixty days pursuant to General Order 25. *See* N.D.N.Y. L.R. 4.1.(b).

[the summons and complaint] in the manner prescribed by [the law of the state in which the municipality is located] for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2)(B). Since N.Y. C.P.L.R. § 311(a)(4) permits service on a county clerk, Plaintiff's service on the Saratoga County Clerk was not defective with respect to his claims against Defendant Hughes in her official capacity.

Nevertheless, the Court finds that these claims are redundant. Claims against officers of local government entities in their official capacities are really claims against the entities themselves. *See Wallikas v. Harder*, 67 F. Supp. 2d 82, 83 (N.D.N.Y. 1999) (citations omitted). When the municipality can be sued and has been named as a defendant, as in the present case, claims against officers in their official capacities are redundant. *See id.* (citations omitted). Therefore, the Court dismisses Plaintiff's claims against Defendant Hughes in her official capacity with prejudice.

### III. CONCLUSION

After carefully reviewing the entire file in this matter, the parties' submissions, and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Defendant Hughes' motion to dismiss Plaintiff's claims against her is **GRANTED**; and the Court further

**ORDERS** that Plaintiff's claims against **Defendant Hughes in her individual capacity** are dismissed without prejudice; and the Court further

**ORDERS** that Plaintiff's claims against **Defendant Hughes in her official capacity** are dismissed with prejudice.

**IT IS SO ORDERED.**

Dated: March 27, 2008
Syracuse, New York

*Frederick J. Scullin, Jr.*
Senior United States District Court Judge