UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JAMES C. DEFRANCESCO,

                      Plaintiff,

              v.                              1:06-CV-1070
                                                      (FJS/DRH)

DEBRA J. GILHAM, Deputy Sheriff, Albany County
Sheriff's Department; ERIN HUGHES, Officer of the
Saratoga County Child Protective Services Office;
JAMES CAMPBELL, Albany County Sheriff; and
SARATOGA COUNTY,

                      Defendants.
_____

**APPEARANCES**                                  **OF COUNSEL**

**JAMES C. DEFRANCESCO**
596 Columbia Turnpike
Suite 7 #193
East Greenbush, New York 12061
Plaintiff *pro se*[1]

**OFFICE OF ROBERT P. ROCHE**          **ROBERT P. ROCHE, ESQ.**
36 South Pearl Street
Albany, New York 12207
Attorneys for Defendants Debra J.
Gilham and James Campbell

**FITZGERALD, MORRIS, BAKER,**          **MARTIN A. COHEN, ESQ.**
**FIRTH, PC**
16 Pearl Street
P.O. Box 2017
Glens Falls, New York 12801
Attorneys for Defendants Erin Hughes
and The County of Saratoga, New York

**SCULLIN, Senior Judge**

---

[1] Plaintiff filed his motion *pro se*. On October 21, 2009, attorney Todd S. Engel filed a Notice of Appearance on Plaintiff's behalf. *See* Dkt. No. 84.

**MEMORANDUM-DECISION AND ORDER**

**I. INTRODUCTION**

Currently before the Court are two separate motions.  The first is the Albany County Defendants'[2] motion to dismiss or, in the alternative, for summary judgment, on the grounds that (1) the employees had qualified immunity in effecting the arrest and (2) officers acting under the direction of an arrest warrant are entitled to absolute immunity.  The second motion is Defendant Saratoga County's motion for summary judgment on the grounds that (1) no genuine issue of material fact exists; (2) Plaintiff cannot meet the legal standard under 42 U.S.C. § 1983; (3) no "*Monell*" claim exists to find it liable; and (4) Plaintiff's supplemental state-law claims are without merit.

**II. BACKGROUND**

On September 5, 2006, Plaintiff filed this action under 42 U.S.C. § 1983 for alleged violations of the United States Constitution for false arrest and malicious prosecution and pendent state claims alleging the same.  *See* Complaint at ¶ 4.  The alleged conduct occurred on November 5, 2004, when Plaintiff was arrested for assault and endangering the welfare of a child.  *See id.*

Previously, on November 2, 2004, the Saratoga County Department of Social Services had received a report from New York State's Central Agency – the "child abuse hotline" – stating

---

[2] To avoid confusion, when appropriate, the Court will refer to Defendants Albany County, Deputy Gilham, and Sheriff Campbell as the "Albany County Defendants."  When referring to the remaining Defendant, the Court will refer to it as Defendant Saratoga County.  The Court previously dismissed Defendant Erin Hughes, the only individual employee from Saratoga County named in the complaint.

that Plaintiff physically assaulted his son, James C. DeFrancesco, Jr., several months earlier. *See* Declaration of Martin A. Cohen dated January 20, 2009 ("Cohen Decl."), at ¶ 7 (citing Transcript of Testimony of Erin Hughes dated February 29, 2008 ("Hughes Tr."), at 12, 21). The next day, Defendant Erin Hughes was assigned to investigate the allegations made in the report.[3] *See id.* at ¶¶ 8-9.

After reviewing the report, Defendant Hughes called the child's mother and learned that several months earlier, on May 23, 2004, the child fractured his arm. *See* Defendant Saratoga County's Statement of Material Facts at ¶¶ 5-6.[4] Defendant Hughes was informed that the father, Plaintiff, told the mother that the injury was an accident which occurred at a carnival. *See id.* at ¶ 9. The mother now reported, however, that she learned that Plaintiff kicked the eight-year old child in the arm before attending the carnival because the child spilled grease during breakfast. *See id.* (citation omitted).

Defendant Hughes then proceeded to make several other calls to, among others, Defendant Albany County Sheriff's Office, the Albany County Child Protective Services Office, and the Guilderland Police Department. *See* Cohen Decl. at ¶ 10 (citing Hughes Tr. at 22). On November 4, 2004, Defendant Hughes met the child and his mother at the Albany County Family Court, and they then proceeded to Defendant Albany County Sheriff's Office. *See id.* at ¶ 11 (citing Hughes Tr. at 54); Defendant Saratoga County's Statement of Material Facts at ¶ 9.

While at Defendant Albany County Sheriff's Office, Deputy Burns took the child's

---

[3] In an Order dated March 27, 2008, the Court dismissed Defendant Hughes from the case.

[4] Unless otherwise noted, the parties do not dispute these facts, which are taken from their statements of material fact.

-3-

statement.  *See* Cohen Decl. at Exhibit "C."  According to the statement, while the child was eating bacon at Plaintiff's house, grease ran down his hands.  *See id.* at 1.  Plaintiff then allegedly pushed the child to the ground, threw napkins at him, and told him to clean it up.  *See id.*  The child stated that, when he finished cleaning up, Plaintiff threw him back to the ground and kicked him in the arm.  *See id.*  The child also stated that, several hours later, Plaintiff asked him if he could move his arm; he stated that he could move it a little but that it hurt when he did so.  *See id.*  The child's mother gave a statement to Defendant Gilham, in which she confirmed the child's statement.  *See id.* at Exhibit "D."

Deputy Burns thereafter applied for an arrest warrant, which the New Scotland Town Court issued on November 5, 2004.  *See id.* at Exhibit "E"; Albany County Defendants' Statement of Material Facts at ¶ 4.  The arrest warrant alleged violations of Penal Law 120.00, Assault in the Third Degree, and Penal Law 260.10, Endangering the Welfare of a Child.  *See id.*

On March 25, 2005, after conducting an Administrative Review of the record, the New York State Office of Children and Family Services ("OCFS") found that there was not a fair preponderance of the evidence to support the charges brought against Plaintiff.  *See* Cohen Decl. at ¶ 20 & Exhibit "H."  Accordingly, OCFS ordered Defendant Saratoga County to "legally seal" the record as "unfounded."  *See id.*

On January 5, 2009, the Albany County Defendants filed a motion to dismiss and for summary judgment.  In their motion, they claimed that (1) Defendant Gilham and Deputy Burns had qualified immunity in effecting an arrest pursuant to a warrant that a judge had signed; (2) the existence of probable cause required the Court to dismiss the complaint; and (3) while acting

pursuant to an arrest warrant, Defendants were entitled to absolute immunity. On January 14, 2009, Defendant Saratoga County filed a motion for summary judgment. In its motion, Defendant Saratoga County claimed that (1) Plaintiff had not articulated any claim in the complaint against the County itself and that the Court had dismissed its employee against whom Plaintiff did assert a claim; (2) no *Monell* claim existed as Plaintiff had failed to allege any custom or policy that caused the deprivation of his rights; (3) Defendant Hughes was entitled to qualified immunity for her actions and this insulated the County from liability; and (4) Plaintiff's supplemental state-law claims were without merit because Plaintiff never served a Notice of Claim on Defendant Saratoga County.

### III. DISCUSSION

**A.    Plaintiff's request for further discovery pursuant to Rule 56(f)**

As a preliminary matter, Plaintiff appears to be requesting relief pursuant to Federal Rule of Civil Procedure 56(f). Pursuant to that Rule, "[i]f a party opposing the motion [for summary judgment] shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may . . . order a continuance to enable . . . [further] discovery. . . ." Fed. R. Civ. P. 56(f). In order to receive this relief, the party seeking relief must file an affidavit indicating "'(1) what facts are sought and how they are to be obtained; (2) how these facts are reasonably expected to raise a genuine issue of material fact; (3) what efforts the affiant has made to obtain them; and (4) why the affiant's efforts were unsuccessful.'" *Cusamano v. Sobek*, 604 F. Supp. 2d 416, 505 (N.D.N.Y. 2009) (quotation and other citation omitted).

Plaintiff has failed to satisfy this burden in every respect. Most significantly, Plaintiff

has only asserted that he seeks to provide unnamed witnesses to corroborate his statement that Defendant Hughes and his former wife had a personal relationship. *See* Dkt. No. 68-2 at ¶ 8. He does not state what efforts he made to obtain the testimony of these witnesses, or, more importantly, how he expects such testimony to raise a genuine issue of material fact. Accordingly, the Court denies Plaintiff's request for further discovery.

**B.     The Albany County Defendants**

*1. False arrest claim*

Under both New York law and the Fourth Amendment to the United States Constitution, the elements for an action for false arrest are that "'(1) the defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged.'" *Curry v. City of Syracuse*, 316 F.3d 324, 335 (2d Cir. 2003) (quotation omitted). Further, probable cause is an absolute defense to a claim for false arrest. *See id.* (quotation omitted). Probable cause exists "when the arresting officer has 'knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed a crime or is committing a crime.'" *Escalera v. Lunn*, 361 F.3d 737, 743 (2d Cir. 2004) (quotation omitted).

In seeking an arrest warrant, a "[p]olice officer[ ] 'may not purposely withhold or ignore exculpatory evidence that, if taken into account, would void probable cause. . . . [A] failure to make further inquiry when a reasonable person would have done so may evidence a lack of probable cause.'" *Korthas v. City of Auburn*, No. 5:04-CV-537, 2006 WL 1650709, *5 (N.D.N.Y

June 9, 2006) (quotation omitted).

A reviewing court should pay great deference to the determination of a neutral magistrate that probable cause existed to issue a warrant. *See United States v. Smith*, 9 F.3d 1007, 1012 (2d Cir. 1993) (quotation and other citation omitted). "[T]he issuance of a warrant by a neutral magistrate, which depends on a finding of probable cause, creates a presumption that it was objectively reasonable for the officers to believe that there was probable cause . . . and a plaintiff who argues that a warrant was issued on less than probable cause faces a heavy burden. . . ." *Golino v. New Haven,* 950 F.2d 864, 870 (2d Cir. 1991) (citation omitted). As such, where an arrest is made pursuant to a valid warrant, there can be no claim for false arrest under § 1983. *See Jones v. Trump*, 971 F. Supp. 783, 788 (S.D.N.Y. 1997) (citation omitted).

In the present matter, Deputy Burns and Defendant Gilham took two sworn statements, both of which accused Plaintiff of breaking his son's arm. *See* Dkt. No. 68-3 at Exhibit "E" & "H." Deputy Burns then presented the file, containing the sworn statements, to a supervisor within the Defendant Albany County Sheriff's Department and the file was sent "for further action and/or warrant to the local judge." *See* Affidavit of Robert P. Roche sworn to January 5, 2009 ("Roche Aff."), at ¶ 10.[5]

---

[5] It is not entirely clear who presented the application for an arrest warrant to the judge or who filled out the supporting affidavit. Based on the information presented, it appears that Deputy Burns, who is not a Defendant in the action, took the statements of the child, presented the information to the judge, and participated in Plaintiff's subsequent arrest. *See* Roche Aff. at ¶¶ 3, 8-10; Affidavit of James Campbell sworn to January 5, 2009 ("Campbell Aff."), at ¶¶ 6-9. According to the Roche Affidavit, it appears that Defendant Deputy Gilham merely initiated the intake of the complaint at the Defendant Albany County Sheriff's Department, took the statement of the mother, and did not participate in either the application for the arrest warrant or the arrest itself. *See id.* at ¶¶ 3, 6-7.

Plaintiff does not allege that Defendants knew that the statements of the child were false at the time they applied for the arrest warrant, nor does he submit any proof that the statements were false. Plaintiff merely contends that Defendants were under an obligation to investigate the veracity of the sworn statements and his assertion of innocence prior to arresting him. However, "[o]nce a police officer has a reasonable basis for believing there is probable cause, he is not required to explore and eliminate every theoretically plausible claim of innocence before making an arrest." *Ricciuti v. New York City Transit Auth.*, 124 F.3d 123, 128 (2d Cir. 1997) (citations omitted).

Further, it is clear that it was reasonable for Defendants to rely on the testimony of the mother and child. Deputy Burns interviewed the child out of the presence of his mother so that she could not influence the answers he provided. *See* Roche Aff. at ¶ 9. Moreover, Plaintiff cannot argue that Defendants recklessly or intentionally omitted material information in obtaining the arrest warrant, as the mother and the child stated that originally it was thought that the injury occurred while the boy was playing on a slide. *See* Dkt. No. 68-3 at Exhibit "E" & "H." Finally, Plaintiff has not contested the validity of the warrant; and, therefore, this arrest was made pursuant to valid legal process.

Accordingly, because the Albany County Defendants acted pursuant to an arrest warrant and because of the objectively reasonable nature of their actions, Plaintiff has failed to establish a claim for false arrest.

### *2. Malicious prosecution*

"The Fourth Amendment right implicated in a malicious prosecution action is the right to be free of unreasonable seizure of the person – *i.e.*, the right to be free of unreasonable or unwarranted restraints on personal liberty." *Singer v. Fulton County Sheriff*, 63 F.3d 110, 116 (2d Cir. 1995). To assert a Fourth Amendment claim for malicious prosecution under § 1983, a plaintiff must show a deprivation of his liberty consistent with the concept of "seizure," so as to ensure that the harm suffered is of "constitutional proportions." *See id.*

To state a cause of action for malicious prosecution under section 1983, the plaintiff must prove "'(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions.'" *Jocks v. Tavernier*, 316 F.3d 128, 136 (2d Cir. 2003) (quotation omitted). "Additionally, there must be a post-arraignment seizure for a § 1983 malicious prosecution claim; however, the requirements of attending criminal proceedings and obeying the conditions of bail suffice on that score." *Id.* (citation omitted).

Again, Plaintiff fails to meet all of the requirements for this cause of action. As discussed above, the Albany County Defendants clearly had probable cause to arrest Plaintiff and continue with his prosecution after that arrest. Further, Plaintiff has failed to allege, let alone prove, any malice prompting Defendants' action.

### *3. Plaintiff's Monell claims[6]*

---

[6] Plaintiff brought suit against both Albany County and several of its employees in their official capacities. The Court dismisses the claims against the individual Defendants in their

(continued...)

In addition to his claims against Defendant Gilham and Defendant Campbell in their individual capacities, Plaintiff brought suit against them in their official capacities as well, which is a claim against the municipality itself. In *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658 (1978), the Supreme Court held that municipalities may be sued directly under section 1983 for constitutional deprivations inflicted upon individuals pursuant to a governmental policy, custom, ordinance, regulation, or decision. *See id.* at 690-91. A plaintiff making a *"Monell"* claim against a municipality must establish three elements: "(1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Batista v. Rodriguez*, 702 F.2d 393, 397 (2d Cir. 1983).

It is axiomatic that in order for a plaintiff to succeed with a *Monell* claim, he must first prove that he actually suffered a constitutional injury. *See People United for Children, Inc. v. City of N.Y.*, 108 F. Supp. 2d 275, 302 (S.D.N.Y. 2000) (citing *Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995)). Plaintiff has failed to prove that he suffered any such constitutional harm. Further, even if he had, Plaintiff made no allegations that such harm resulted from a custom or policy of the municipality. As such, Defendant Albany County is entitled to summary judgment as a matter of law.

**C.  Defendant Saratoga County**

Since the Court has already dismissed Defendant Hughes, Plaintiff's sole remaining claims relating to Defendant Saratoga County are against the County itself. As discussed above,

---

[6](...continued)
official capacities as redundant. *See Wallikas v. Harder*, 67 F. Supp. 2d 82, 83 (N.D.N.Y. 1999) (citations omitted).

in order for a plaintiff to succeed on his claims against a municipal defendant, he must prove that he suffered some constitutional harm which was the result of a municipal policy or custom. *See Monell*, 436 U.S. at 694.

As discussed above with respect to Plaintiff's claims against the Albany County Defendants, Plaintiff failed to prove that he suffered a constitutional harm. In addition to this dispositive failure, Plaintiff also failed to allege that a policy or custom of Defendant Saratoga County caused his alleged harm.

Accordingly, because Plaintiff failed to prove that he actually suffered a constitutional harm and because he failed to allege that Defendant Saratoga County instituted a custom or policy that caused his alleged constitutional harm, the Court finds that Plaintiff has failed to state a claim for which the Court may grant relief.[7]

### D.     Plaintiff's state-law claims

Plaintiff asserted pendent state claims for false arrest and malicious prosecution. District courts have supplemental jurisdiction over all state-law claims that are so related to federal claims over which they exercise original jurisdiction that they form part of the same case or controversy under Article III of the Constitution. *See* 28 U.S.C. § 1367(a). Application of

---

[7] Even if Defendant Hughes were still a party to this action in her individual capacity, Plaintiff has only provided the Court with bald speculation regarding her alleged animus towards him and the alleged false testimony that she provided. Such conclusory statements and bald speculation are insufficient to create an issue of fact precluding summary judgment. *See D'Amico v. City of N.Y.*, 132 F.3d 145, 149 (2d Cir. 1998) (holding that a party opposing summary judgment "may not rely on mere conclusory allegations nor speculation, but instead must offer some hard evidence showing that its version of the events is not wholly fanciful." (citations omitted)).

supplemental jurisdiction is discretionary, and "it requires a balancing of the considerations of comity, fairness to the litigants, judicial economy, and the avoidance of needless decisions of state law." *Federman v. Empire Fire & Marine Ins. Co.*, 597 F.2d 798, 809 (2d Cir. 1979) (citation omitted).

Claims for false arrest and malicious prosecution, brought under section 1983 to vindicate the Fourth and Fourteenth Amendment right to be free from unreasonable seizures, are "substantially the same" as claims for false arrest and malicious prosecution under state law. *See Jocks*, 316 F.3d at 134 (citations omitted). Accordingly, in the interest of judicial economy, the Court exercises supplemental jurisdiction over Plaintiff's state-law claims and grants Defendants' motion for summary judgment with respect to these claims. *See McIntyre v. Longwood Cent. Sch. Dist.*, __ F. Supp. 2d __, 2009 WL 3113261, *20 n.3 (E.D.N.Y. Sept. 30, 2009) (exercising the court's supplemental jurisdiction to dismiss plaintiff's state-law claims after dismissing the related federal claims because the same standard applied to both the federal and state claims).

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendants' motions for summary judgment are **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in favor of Defendants and close this case.

**IT IS SO ORDERED.**

Dated: November 4, 2009
      Syracuse, New York

                                          Frederick J. Scullin, Jr.
                                          Senior United States District Court Judge